Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 190828-42172
DATE: October 29, 2021

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran had active service from March 1962 to March 1966.

This case comes before the Board of Veterans' Appeals (Board) on appeal of an August 2019 rating decision. In his August 2019 appeal to the Board, the Veteran elected the hearing review option. The Veteran testified before a Veterans Law Judge in May 2021. A transcript of the hearing is of record in the claims file. Therefore, the Board will consider the evidence before the Agency of Original Jurisdiction (AOJ) at the time of the August 2019 rating decision on appeal, and the evidence submitted by the Veteran or his representative at his May 2021 Board hearing, and for the 90-day period following the hearing. 

The Veteran contends that he has hearing loss and tinnitus related to his active duty service. The Board finds that a remand is warranted to correct a pre-decisional duty to assist error.

The Veteran was afforded a VA examination for his claimed hearing loss and tinnitus in July 2019. The examiner diagnosed the Veteran with bilateral sensorineural hearing loss. The examiner opined that the Veteran's hearing loss was less likely than not caused by or as a result of service. The examiner's rationale was that the comparison of the induction and separation examinations indicated no significant change in hearing sensitivity and documentation of an OSHA (Occupational Safety Health Administration) defined standard threshold shift during military service could not be established from the audiometric data. Unfortunately, the examiner failed to consider hearing conservation data forms dated in November 1962, February 1963, and December 1963. The Board finds that the July 2019 opinion is inadequate for adjudication purposes as the VA examiner did not address all in-service audiograms in the Veteran's claims file and thus failed to address a potential threshold shift. Barr v. Nicholson, 21 Vet. App. 303 (2007).

Additionally, when interpreting audiometric data from service treatment reports (STRs), Service Departments changed from using American Standards Association (ASA) standards, to using International Standards Organization American National Standards Institute (ISO-ANSI) standards when providing audiograms beginning at some point between approximately January 1, 1967 and December 31, 1970; however, the conversion date was not consistent between all branches of the Armed Forces. Accordingly, if the standard used is not clearly indicated on the Service Department audiogram(s), it is presumed that prior to January 1, 1967, the ASA standard was used. For in-service audiograms conducted between January 1, 1967, and December 31, 1970, where the standard used is unclear, the data under both ASA and ISO-ANSI standards will be considered. For in-service audiograms conducted after December 31, 1970, it is presumed that the ISO-ANSI standard was used. Given that the Veteran received audiograms prior to January 1, 1967, these audiograms are presumed to have used the ASA standard and must be converted to ISO units. However, it does not appear that the examiner converted any of the audiograms of record when rendering her etiological opinion. 

With regard to tinnitus, at the July 2019 VA examination, the examiner indicated that the Veteran denied recurrent tinnitus and no etiological opinion was proffered. However, that is inconsistent with the other evidence of record, at which times the Veteran has reported that he first experienced tinnitus during service, and has continued to experience such since that time. 

The matters are REMANDED for the following action:

Schedule the Veteran for an audiology evaluation to determine the nature and etiology of his bilateral hearing loss disability and tinnitus. The claims file must be made available to, and reviewed by the examiner. Any indicated tests and studies, to include audiometric testing, must be provided. 

Based on a review of the record and audiometric testing results, the examiner must provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that the Veteran's bilateral hearing loss disability is etiologically related to noise exposure sustained in active service. In forming the opinion, the examiner must consider the in-service audiograms in March 1962, November 1962, February 1963, December 1963, and February 1966 converted from ASA to ISO-ANSI standards. Additionally, the examiner must consider the Veteran's lay statements regarding the onset and continuity of his symptoms. 

The examiner must also provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that the Veteran's tinnitus is etiologically related to noise exposure sustained in active service. The examiner must consider the Veteran's lay statements regarding the onset and continuity of his symptoms. 

The examiner must also provide an opinion as to whether it is at least as likely as not (50 percent or better probability) that the Veteran's tinnitus was caused or aggravated by any currently present bilateral hearing loss. 

A complete and detailed rationale for all opinions expressed must be provided. 

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Cryan, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.